UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY LOHMEIER, | ) | |
| | ) | No. 19 CV 8136 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Young B. Kim |
| | ) | |
| GOTTLIEB MEMORIAL HOSPITAL | ) | |
| and LOYOLA UNIVERSITY | ) | |
| MEDICAL CENTER, | ) | |
| | ) | October 28, 2021 |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

Plaintiff Wendy Lohmeier moves for leave to take her 12th deposition two days before the close of fact discovery. For the following reasons, the motion is denied:

## Background

Plaintiff alleges that Gottlieb Memorial Hospital ("Gottlieb") subjected her to discrimination and retaliation in violation of Title VII, the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), and the Illinois Human Rights Act when Gottlieb fired her from her nursing position.[1] (See R. 1, Pl.'s Compl.) Fact discovery was initially set to close in March 2021, but the court extended that deadline several times at the parties' request. (R. 25; R. 33;

---

[1] Plaintiff also alleges that Defendants violated the ADA when they denied her a reasonable accommodation for her disabilities of "recovering from shingles and receiving treatment for mental health," and interfered with her right to take FMLA leave by failing to approve her leave request. (See R. 1, Pl.'s Compl.)

R. 36; R. 44; R. 61.) The court ultimately set another fact discovery deadline of October 7, 2021.[2] (R. 38; R. 61.)

Two days before the close of discovery, Plaintiff moved for leave to take the deposition of Defendants' medical director, Dr. Joshua D. Evans. (R. 63, Pl's Mot.) If permitted, Dr. Evans's deposition would be Plaintiff's 12th deposition.[3] Plaintiff contends that Dr. Evans's "only role" in the facts giving rise to this case was "as the Medical Review Officer charged with interpreting [Plaintiff's] single urine drug screen result." (Id. at 10.) But Plaintiff argues that Dr. Evans's testimony is necessary to discover how Defendants treat an employee's positive drug test when the employee has a valid prescription, as Plaintiff says she did here. Plaintiff also complains that Defendants improperly instructed Teresa Pasquini—Rule 30(b)(6) designee to cover Gottlieb's "practice and policies relating to employee drug testing"—not to answer a question clearly within the scope of the topic a few days earlier, thus giving rise to the instant motion. (Id. at 7-8.)

Defendants oppose the motion, arguing that Dr. Evans's deposition is not warranted, including because Dr. Evans explained Defendants' policy in an October 26, 2018 email to Pasquini that Plaintiff received in discovery months earlier.

---

[2] The court again extended the fact discovery deadline to November 12, 2021, after the filing of the instant motion in response to another extension motion. (R. 70.)

[3] Defendants previously agreed to an 11th deposition, placing Plaintiff over and above the presumptive 10-deposition limit. *See* Fed. R. Civ. P. 30(a)(2)(A). The court notes that Defendants designated seven different individuals to testify on the various topics in Plaintiff's Rule 30(b)(6) notice, but a 30(b)(6) deposition is treated as "one deposition, regardless of how many witnesses are designated." *LKQ Corp. v. Gen. Motors Co.*, No. 20 CV 2753, 2021 WL 4125097, at *4 (N.D. Ill. Sept. 9, 2021).

(R. 65, Defs.' Resp. at 6-7.) In that email, Dr. Evans acknowledges that Plaintiff had a valid prescription for Norco that was dispensed in August 2018, but that given the time that had passed Plaintiff "was likely not taking [it] as prescribed." (R. 63-1, Oct. 26, 2018 Email at 3.) Nevertheless, Dr. Evans concluded in the email that:

> Anytime you have positive test but a prescription that explains it, it is officially classified as a negative test. In this case, despite the ambiguity, I think it would be best to classify it as a negative. In part because I know patients sometimes save their pain meds in case they feel they really need them.

(Id.) Defendants further argue that the deposition is unnecessary because: (1) they fired Plaintiff for exhibiting symptoms of drug impairment while working in violation of their fitness for duty policy and for the unauthorized removal of narcotics; (2) Plaintiff has already deposed all the decisionmakers in the case; and (3) Dr. Evans was not a decisionmaker. (R. 65, Defs.' Resp. at 2, 6.) In other words, Defendants contend that Plaintiff's termination was appropriate even if a valid prescription explained her positive drug test and, thus, Dr. Evans's testimony about the same is irrelevant. (Id.)

The court held a hearing on Plaintiff's motion on October 7, 2021, before taking the motion under advisement pending its review of the transcript from Pasquini's Rule 30(b)(6) deposition. Having reviewed the transcript and revisited the parties' arguments, the court finds that Dr. Evans's deposition is not needed.

3

**Standard**

Parties are presumptively limited to 10 depositions each, in part to emphasize counsel's "professional obligation to develop a mutual cost-effective [discovery] plan." Fed. R. Civ. P. 30(a)(2) & advisory committee's note to 1993 amendment; *Barrow v. Greenville Ind. Sch. Dist.*, 202 F.R.D. 480, 483 (N.D. Tex. 2001) ("Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and potential for delay."). Nevertheless, a court "must grant leave" to take more than 10 depositions if doing so would be consistent with Rules 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) requires a court to consider whether allowing additional depositions would be "'proportional' to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *LKQ Corp. v. Gen. Motors Co.*, No. 20 CV 2753, 2021 WL 4125097, at *3 (N.D. Ill. Sep. 9, 2021) (citing Fed. R. Civ. P. 26(b)(1)). In turn, Rule 26(b)(2) directs a court to limit discovery if it determines:

    (i)    The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
    (ii)   The party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    (iii)  The proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C). Like Rule 30(a)(2), "[t]hese rules were promulgated to enable courts to maintain a 'tighter rein' on the extent of discovery and to minimize the potential cost of '[w]ide-ranging discovery' and the potential for discovery to be used as an 'instrument for delay or suppression.'" *Whittingham v. Amherst Coll.*, 163 F.R.D. 170, 171-72 (D. Mass. 1995). Ultimately, "[c]ourts have broad discretion in matters relating to discovery," and a court's ruling on discovery matters can be reversed only upon a clear abuse of discretion. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 679, 681 (7th Cir. 2002).

## Analysis

To begin, courts in this circuit differ over whether a party must justify each of the 10 presumptive depositions already taken before a court can grant the party leave to take more, or whether that justification is just one factor in the analysis. *Compare United States v. United States Steel Corp.*, No. 2:12-cv304, 2014 WL 1571322, at *2 (N.D. Ind. April 17, 2014) (stating that to "justify[ ] additional depositions, a party must demonstrate a particularized need for the total number of depositions it seeks to take, including those already taken"), *and Newell v. State of Wisc. Teamsters Joint Council No. 39*, No. 05-C-552, 2007 WL 3166757, at *1 (E.D. Wisc. Oct. 25, 2007) (explaining that "[a]bsent such a rule . . . a party could circumvent the cap by taking ten deposition[s] of questionable relevance first and leave the most crucial depositions for the end, confident in the belief that leave of the court shall not be denied"), *with Heilman v. Burke*, No. 18-cv-3260, 2020 WL 4816387, at *2 (C.D. Ill. Aug. 19, 2020) (considering depositions already taken as

5

one factor when authorizing additional depositions beyond the presumptive 10 deposition limit), *and ADT Sec. Servs., Inc. v. Pinnacle Sec., LLC*, No. 10 CV 7467, 2012 WL 1597383, at *3 (N.D. Ill. May 7, 2012) (indicating that a court must consider the "totality of the circumstances" when deciding whether to authorize additional depositions). But regardless of whether Rule 30(a)(2) requires justification of additional depositions as a prerequisite or a mere factor, Plaintiff's representations on this point are far too conclusory to allow the court to evaluate whether she squandered her allotted depositions. (See R. 63, Pl.'s Mot. at 6 (indicating without further explanation that each witness deposed had "a unique role in the events giving rise to this litigation" and "possessed relevant and material information not possessed by any other," and that no witness's testimony was "cumulative or duplicative").) In any event, even if Plaintiff had adequately explained her need for additional depositions, her motion still falls short.

First, Plaintiff waited until two days before the discovery cutoff date to file her motion, despite knowing for months that Dr. Evans was the individual who interpreted her drug screen results and that he had drafted an email on October 26, 2018, discussing his conclusion. That delay alone is enough to deny Plaintiff's motion. *See* Fed. R. Civ. P. 26(b)(2) (directing courts to limit discovery if the "party seeking discovery has had ample opportunity to obtain the information by discovery in the action"); *see also Sterling Nat'l Bank v. Block*, No. 16 CV 9009, 2018 WL 11200447, at *3 (N.D. Ill. April 18, 2018) (denying defendants' motion for additional depositions where defendants "knew from the inception of the case that the

6

[potential deponents] held relevant information" and thus "any prejudice from [defendants'] election not to depose [them] in the first instance" was "self-inflicted"); *LKQ Corp.*, 2021 WL 4125097, at *3 (holding that filing motion for additional depositions less than six weeks before discovery cutoff constituted "inappropriate" delay that did not warrant extension).

Second, Plaintiff's motion lacks merit even setting aside her undue delay. As discussed, Plaintiff argues that Dr. Evans's deposition is necessary because he is "the only witness for Defendants capable of testifying on a critical issue in the case, namely, Defendants' policy for how to treat the results of a positive urine drug test for an employee with a valid prescription that explains the positive result." (R. 63, Pl.'s Mot. at 1.) According to Plaintiff, Dr. Evans's October 26, 2018 email is "powerful evidence that Defendants departed from their standard policy" in terminating her, and she did not become aware of such evidence until Pasquini's deposition. (Id. at 7-8.) Because Pasquini refused to answer certain questions about the application of that policy, Plaintiff contends that Dr. Evans's deposition is necessary. But the court is not persuaded because Plaintiff's argument fails to acknowledge that Defendants' decision to terminate her did not rest on the classification of her drug screen results.

Indeed, Plaintiff does not meaningfully counter Defendants' argument that Dr. Evans's testimony on their drug screen policy is irrelevant because: (1) they fired her for violating Defendants' fitness-for-duty policy, having exhibited symptoms of impairment while on the job, irrespective of the fact that a prescription

7

medication might explain her behavior; and (2) Dr. Evans was not a decisionmaker in the case. *See Swabsib v. Leggett & Platt*, 154 F.3d 730, 733 (7th Cir. 1998) ("Only evidence on the attitudes of the employees involved in the decision to fire the plaintiff[ ] is relevant."). Accordingly, Plaintiff cannot demonstrate the importance of Dr. Evans's testimony to the issues at stake or the resolution of the issues in the case, or that the benefits of that testimony outweigh the burdens associated with diverting Dr. Evans from his regular duties. *See* Fed. R. Civ. P. 26(b)(1).

Third, Plaintiff cannot demonstrate that she will be prejudiced if she is unable to depose Dr. Evans. Dr. Evans's October 26, 2018 email reflects the exact information Plaintiff seeks regarding Defendants' policy. (See R. 63-1, Oct. 26, 2018 Email at 3 ("Anytime you have [sic] positive test but a prescription that explains it, it is officially classified as a negative test.").) Defendants represented at the hearing on Plaintiff's motion that they do not disagree with Dr. Evans's representation in the email and do not anticipate objecting to the admission of this email at trial. For this reason, requiring Dr. Evans's deposition testimony on the subject would be duplicative. *See* Fed. R. Civ. P. 26(b)(2) (directing a court to limit discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative"). Furthermore, Pasquini explained the limitations of the subject policy Dr. Evans cited in his email as it relates to this case during the Rule 30(b)(6) deposition. (See R. 69 at 65-67.)

8

## Conclusion

For the foregoing reasons, Plaintiff's motion for leave to take the deposition of Dr. Evans is denied.

**ENTER:**

_____
**Young B. Kim
United States Magistrate Judge**

9