**UNITED STATES DISTRICT COURT**
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
**Eastern Division**

Wendy Lohmeier

                                    Plaintiff,

v.                                                           Case No.: 1:19−cv−08136
                                                               Honorable Steven C. Seeger

Gottlieb Memorial Hospital, et al.

                                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, July 12, 2022:

      MINUTE entry before the Honorable Steven C. Seeger: The Court grants in part and denies in part Plaintiff's motion for leave to take additional discovery, for leave to file a sur−reply, and for sanctions. (Dckt. No. [105]). Defendants recently produced a few additional emails, in the middle of the briefing of Defendants' motion for summary judgment. Plaintiff views the emails as "highly relevant," (Dckt. No. [105]), so she seeks to reopen a deposition and supplement the summary judgment record. First, the motion to re−open discovery is granted in part and denied in part. Plaintiff requested to re−open discovery to re−depose Noel Kirk, the Executive Director of Human Resources at Defendant Gottlieb Memorial Hospital, in light of documents disclosed by Defendants after the close of discovery. Plaintiff also requested to take additional discovery about Defendants' document perseveration efforts and search for documents responsive to Plaintiff's requests for production. See Defs.' Mem., at 2 (Dckt. No. [107]). Plaintiff didn't ask Kirk about the emails at the original deposition, and for good reason: Defendants hadn't produced them yet. Plaintiff should get the chance to ask about the emails. "Only if a party has failed to act 'because of excusable neglect' do the Federal Rules permit a post−deadline extension. Neglect is generally not excusable when a party should have acted before the deadline, or when a party's lack of diligence is to blame for its failure to secure discoverable information." Flint v. City of Belvidere, 891 F.3d 764, 768 (7th Cir. 2015) (citations omitted); see also Fed. R. Civ. P. 6(b)(1)(B). But excusable neglect "is not strictly limited to occasions caused by circumstances beyond the control of the movant." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 392 (1993); see also Israel v. Bucon, 2021 WL 4962159, at *2 (N.D. Ill. 2021). To determine whether neglect was excusable, the Court considers the following factors: "the danger of prejudice to the [non−movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Inv. Servs. Co., 507 U.S. at 395; see also Raymond v. Ameritech Corp., 442 F.3d 600, 606 (7th Cir. 2006). Defendants do not oppose Plaintiff's request to re−depose Kirk. See Defs.' Mem., at 2 (Dckt. No. [107]). So the Court grants the motion. But the Court denies the motion to take additional discovery about document preservation. All four factors weigh in Defendants' favor. The prejudice on Defendants would be large: Plaintiff requests key word searches on 17 individuals' email accounts, with little reason to believe that such a

search would reveal anything meaningful. The length and impact of the delay is high because the case was filed around 2.5 year ago and has a fully briefed summary judgment motion pending. While Plaintiff argues that the reason for the delay is Defendants' late production, Plaintiff could have served discovery or taken a deposition about document preservation long ago. And Plaintiff filed the motion out of the blue, when the parties were in the midst of discussing the issue with the goal of filing a joint status report about the new emails. Plaintiff should have let that process run its course without blindsiding Defendants unnecessarily and running to the courthouse. The deposition must take place by August 15, 2022. The deposition is limited to the emails, and reasonable follow−up questions. The Court is not giving Plaintiff a license to re−depose Kirk on every topic under the sun. The questions must have a reasonable nexus to the newly produced emails. If Plaintiff seeks to supplement the summary judgment record with anything from that renewed deposition, Plaintiff can do so by August 24, 2022. And if Plaintiff does so, Defendants can file a short reply (if necessary) by August 31, 2022. Second, Plaintiff's motion to file a sur−reply is granted in part. Plaintiff 9;s requested to file a sur−reply to address the newly disclosed emails, as well as anything she learns during the re−deposition of Kirk. See Pl.'s Mem., at 11. Defendants did not oppose this motion. Defs.' Mem., at 10. If Plaintiff seeks to supplement the summary judgment record with anything from the emails and the renewed deposition, Plaintiff can do so by August 24, 2022. And if Plaintiff does so, Defendants can file a short reply (if necessary) by August 31, 2022. The submissions are limited to new material, meaning the new emails and the renewed deposition. Third, Plaintiff's motion for sanctions is denied. Plaintiff argued that Defendants had a duty to preserve documents, but failed to impose a timely litigation hold, and that Defendants failed to timely supplement their document production with the newly discovered emails. See Pl.'s Mem., at 1215. But Plaintiff has failed to show that Defendants have acted in bad faith. Defendants turned over the emails as soon as they discovered them and have not opposed Plaintiff's request to re−open discovery and file a sur−reply. The Court does not see a basis for a finding of bad faith. Without bad faith, this Court does not see a proper basis to sanction Defendants for their actions. In sum, Plaintiff's motion to (1) re−open discovery to re−depose Kirk, and (2) file a sur−reply on only the information revealed in the new emails and deposition, is granted. All other requests (that is, the motion to more broadly re−open discovery, and the motion for sanctions) are denied. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.